MORGAN, LEWIS & BOCKIUS LLP
Carrie A. Gonell, Bar No. 257163
Kevin J. Bohm, Bar No. 329569
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:   +1.949.399.7160
Fax:   +1.949.399.7001
carrie.gonell@morganlewis.com
kevin.bohm@morganlewis.com

Attorneys for Defendant
GOVERNMENT EMPLOYEES INSURANCE
COMPANY (erroneously sued as GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN SHAMEL, an individual<br><br>Plaintiff,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY, an unknown entity; GEICO CASUALTY COMPANY, and unknown entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'24 CV 2283 BTM JLB**<br><br>[San Diego Superior Court Case No. 24CU019577C]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332(a), 1441 and 1446]<br><br>Date Filed:     October 28, 2024<br>Served:          November 6, 2024 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 49721617

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendant Government Employees Insurance Company,[1] ("GEICO") removes the above-entitled action from the Superior Court of California in and for the County of San Deigo to the United States District Court for the Southern District of California.  In support of removal, GEICO states as follows:

**I.      SUMMARY OF RELEVANT PROCEDURAL HISTORY**

1.      On or about October 28, 2024, Plaintiff Benjamin Shamel ("Plaintiff") filed an unverified Complaint in the Superior Court of the State of California in and for the County of San Diego, entitled *Benjamin Shamel v. GEICO General Insurance, et al.,* Case No. 24CU019577C (the "Complaint"), against GEICO.  A true and correct copy of Plaintiff's Complaint which was served on Defendant on November 6, 2024, and is attached as **Exhibit A**.  Defendant filed and served an Answer on December 5, 2024, and is attached as **Exhibit B**.

2.      Plaintiff's Complaint alleges the following causes of action: (1) retaliation and interference in violation of the California Family Rights Act; (2) discrimination based on disability; (3) failure to engage in the interactive process; (4) failure to accommodate; (5) retaliation in violation of the California Fair Employment and Housing Act; (6) retaliation in violation of Labor Code section 1102.5; (7) failure to prevent discrimination; and (8) wrongful termination in violation of public policy.

3.      **Exhibits A, B and C** include all the pleadings, process and orders served upon or by defendants, or filed, in this matter before the San Diego County Superior Court.

---

[1] Plaintiff erroneously names Defendants as "GEICO GENERAL INSURANCE COMPANY" and "GEICO CASUALTY COMPANY" when the proper entity was Government Employees Insurance Company.

## II.   THE REMOVAL IS TIMELY

4.      28 U.S.C. § 1446(b)(2)-(3) provides that a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  GEICO was served with the Summons and Complaint on November 6, 2024.  Ex. B.  This Removal was filed on or before December 6, 2024.  Accordingly, this Notice of Removal was timely filed.

## III.   THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

5.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332 (diversity jurisdiction), and it is one which GEICO may remove pursuant to 28 U.S.C. §1441.  This is a civil action where the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.[2]  Plaintiff asserts that he is a citizen of California, and that the erroneously named entities are citizens of Maryland and Iowa.[3]  Compl. ¶¶ 1-3.

6.      In fact, GEICO, the proper Defendant in this action, is a citizen of Nebraska and Maryland.  Accordingly, complete diversity exists under either the face of the complaint or in reality.  This Notice of Removal continues its diversity

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  GEICO's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy exceeds the jurisdictional minimum.  GEICO maintains that each of Plaintiff's claims is without merit and GEICO is not liable to Plaintiff.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

[3] Both GEICO General Insurance Company and GEICO Casualty Company are actually incorporated in Nebraska, with their principal place of business in Maryland.

DB2/ 49721617

analysis based on the proper entity, GEICO.

### A.   Complete Diversity of Citizenship Exists.

7.   A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided that no defendant is a citizen of the same state in which the action was brought or of the same state in which the plaintiff is a citizen.  28 U.S.C. § 1441(a), (b).  The citizenship of improperly and fraudulently joined defendants must be disregarded for removal purposes.  *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

8.   Here, all requirements are met because Plaintiff is a citizen of California, and GEICO is a citizen of Nebraska and Maryland.

#### 1.   Plaintiff Is a Citizen of California.

9.   "An individual is a citizen of the state in which he is domiciled[.]" *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

10.   Continuing residence creates a presumption of domicile.  *Washington v. Hovensa, LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  Plaintiff alleges that "[a]t all times relevant to this action, Plaintiff resided in San Diego, County."  Compl. ¶ 1.  Plaintiff does not allege that he was a citizen of any state other than California and there is no indication that Plaintiff is, or was, a citizen of states other than California at any time relevant to the Complaint.  Thus, Plaintiff was domiciled in the State of California at the time the Complaint was filed and is a citizen of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 49721617

California for purposes of diversity jurisdiction in this matter.

## 2.    GEICO Is a Citizen of Nebraska and Maryland.

11.    "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).  GEICO is not incorporated in California, nor is California the state in which GEICO has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

12.    Rather, GEICO is incorporated in Nebraska with its principal place of business in Maryland.  *See e.g., Gonzalez v. Gov't Emps. Ins. Co. Inc.*, 2021 WL 4805434, at *1 (C.D. Cal. Apr. 30, 2021) (GEICO is "incorporated in Nebraska with its principal place of business in Maryland"); *Gov't Emps. Ins. Co. v. ALP Supply, Inc.*, 2023 WL 5846680, at *2 (E.D.N.Y. Sept. 11, 2023) (GEICO, and affiliated companies "are Nebraska corporations with their principal places of business in Maryland …").

13.    Thus, at all relevant times, GEICO's citizenship has been Maryland and not California.  Therefore, complete diversity exists in this action as Plaintiff is a citizen of California and Defendant is a citizen of Nebraska and Maryland.

## 3.    Doe Defendants Are Irrelevant for Purposes of Removal.

14.    The Complaint also names as defendants "DOES 1 through 10." Compl. ¶ 4.  However, the citizenship of fictitious "Doe" defendants is disregarded for removal purposes.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris*, Inc., 311 F.3d 966, 971 (9th Cir. 2002).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 49721617

## IV.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

15.   While GEICO denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds $75,000, exclusive of interest and costs.  The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.*, quoting H.R. Rep. No. 112-10, p. 16 (2011).

16.   In determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), courts are to consider the aggregate amount of the claims and value of the claims.  *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy).  The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction.  *See Banta v. Am. Med. Response Inc.*, 2011 U.S. Dist. LEXIS 77558, at *4 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim").

17.   "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("Where, as here, a

plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc*., 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp*., 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc*., 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

18.     The amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff alleges in his Complaint that GEICO discriminated, retaliated against, and ultimately terminated him because of his disability.  *See, e.g.*, Compl. pgs. 3-20 (paragraphs misnumbered after number 101).  Plaintiff seeks to recover "compensatory damages, including, but not limited to lost wages and non-economic damages in the amount according to proof," and "penalties recoverable by law."  Compl. Prayer for Judgment, ¶¶ 1, 4.  Plaintiff also seeks an award of punitive damages and his attorneys' fees.  *Id.*, ¶¶ 2, 4.

19.     While Plaintiff does not quantify his purported compensatory damages in the Complaint, Plaintiff claims he "suffered physical injury," and "experienced stress, anxiety and depression," as well as "mental upset and other emotional distress."  *See e.g.* Compl. ¶¶ 74-75.

20.     In addition to the above damages alleged by Plaintiff, the civil penalties associated with his alleged violation of California Labor Code Section 1102.5 puts an additional $10,000 at issue, for each violation.  CA Lab. Code § 1102.5(f)(1).

21.     In his final three full years of employment with GEICO, Plaintiff, based on a review of his wage statements, earned total cash compensation of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 49721617

approximately: $32,978 in 2021, $49,871.47 in 2022, and approximately $47,785 in 2023.[4]

22.   The amount in controversy includes not only Plaintiff's claim for lost wages arising from GEICO's purportedly wrongful conduct, but also any alleged lost benefits, medical expenses, and attorneys' fees that might accrue through the date of trial (and beyond, vis-à-vis his alleged emotional distress and medical expenses), as well as the $10,000 penalty at issue due to his claim for retaliation in violation of Labor Code 1102.5, and the punitive damages he seeks.

23.   Plaintiff alleges that he has suffered not only "physical injury," but has "experienced stress, anxiety and depression," as well as "mental upset and other emotional distress." Compl. ¶¶ 74-75.  In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

24.   Indeed, plaintiffs alleging emotional distress as a result of discrimination regularly seek in excess of $75,000 for such damages.  *See e.g., Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (jury award in excess of $75,000 in non-economic damages was upheld in a wrongful termination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000 in non-economic damages was upheld).  Like the plaintiffs in the lawsuits listed above, Plaintiff alleges that he was discriminated against based on his protected status and has suffered emotional distress as a result.  Accordingly, it is reasonable to assume,

---

[4] For purposes of estimating lost wages at issue, this number assumes Plaintiff's 2023 hourly wage rate of $23.83 x 1,850 hours (or 37 hours per week for 50 weeks in a year).

solely for the purposes of establishing the amount in controversy, that the Complaint puts at issue in excess of $75,000 for alleged emotional distress damages alone.

25.    A study of jury verdicts in California shows that employment discrimination verdicts are often well into the six-figures.  *See* Declaration of Carrie Gonell ("Gonell  Decl."), Ex. A.  Indeed, the mean award for disability discrimination cases, like this one, was $671,196 for the time period of 2013 through 2019.  *Id*.

26.    Plaintiff also seeks to recover an unspecified amount of attorneys' fees.  *See, e.g*., Compl., Prayer for Judgment, ¶ 2.  Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 698 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc*., 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation").  The reasonable estimation of attorneys' fees for purposes of removal is not limited to only those fees incurred as of the time of removal; rather, it is proper to consider future attorneys' fees that would reasonably accrue through the time the action is resolved.  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

27.    Here, Plaintiff's Complaint alleges claims under FEHA, among others, which allows a "prevailing party" to recover reasonable attorneys' fees.  Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees"); *Simmons v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 49721617

*PCR Tech*., 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."). Should Plaintiff prevail in this action, he would be entitled to recover his attorneys' fees, which further and likely substantially increases the amount in controversy. Indeed, in GEICO's lead counsel's 26 years of practice in employment law disputes, the fees associated with employment disputes such as the instant matter, through trial, often well exceed $100,000, and are nonetheless significant even where a case resolves early.

28. Finally, Plaintiff seeks punitive damages against GEICO, which further increases the amount in controversy. Compl., Prayer for Judgment, ¶ 4; *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

29. While GEICO denies any and all liability to Plaintiff, as established above, the amount placed into controversy by the Complaint exceeds $75,000, exclusive of interest and costs.

## V. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

30. Venue properly lies in the Southern District of California pursuant to 28 U.S.C. § 1441(a). This action was originally brought in the Superior Court of the State of California, County of San Diego, and Plaintiff is a resident of San Diego County. Therefore, this District encompasses the county in which this action has been pending since its inception.

31. GEICO will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Diego, as required under 28 U.S.C. § 1446(d).

32. By this Notice of Removal and the Exhibits attached hereto, GEICO does not make any admissions of fact, law or liability relating to the claims in the Complaint, and expressly reserves the right to make any and all defenses and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 49721617

motions necessary in its defense against Plaintiff's allegations.

## VI.   <u>CONCLUSION</u>

33.   GEICO hereby removes this action pending the Superior Court of California, County of San Diego to this Court.  In the event the Court has any reason to question whether removal is proper, GEICO respectfully requests the opportunity to provide briefing and oral argument on the issue.

Dated:  December 6, 2024                     MORGAN, LEWIS & BOCKIUS LLP

By  /s/Carrie A. Gonell
       Carrie A. Gonell
       Kevin J. Bohm

Attorneys for Defendant
GOVERNMENT EMPLOYEES
INSURANCE COMPANY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 49721617

# PROOF OF SERVICE

*Benjamin Shamel v. GEICO General Insurance Co., et al.*

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, California 92626.

On December 6, 2024, I served on the interested parties in this action the within document(s) entitled:

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

[ X ]  **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **BY EMAIL:**  the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on December 6, 2024.  The transmission was reported as complete and without error.  My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626.  My e-mail address is patricia.martin@morganlewis.com.

| | |
|---|---|
| **GOLD COAST COUNSEL**<br>Sarah E. Gallagher, Esq.<br>421 Broadway, PMB 1533<br>San Diego, CA  92101<br>Tel: 833.727.2442<br>sarah@goldcoastcounsel.com | *Attorneys for Defendant BENJAMIN SHAMEL* |

[ X ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on December 6, 2024, at Costa Mesa, California.

_____
Patricia Martin

PROOF OF SERVICE

DB2/ 46961253.1